United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 6, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 02-41292
Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DAVID SANTOS,**

**Defendant-Appellant.**

--------------------
**Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-279-ALL**
--------------------

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Santos appeals his sentence resulting from his jury-trial conviction for conspiracy to possess marijuana, in violation of 21 U.S.C. §§ 846 and 841. Santos contends that the district court did not make the specific findings required to justify the imposition of a two-level increase in his offense level for obstruction of justice based on his allegedly perjurious

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial testimony, pursuant to U.S.S.G. § 3C1.1. Santos contends that the district court erred by failing to specify which parts of his testimony were perjurious.

We review the district court's factual finding that a defendant has obstructed justice under U.S.S.G. § 3C1.1 for clear error. United States v. Adam, 296 F.3d 327, 334 (5th Cir. 2002). When the defendant objected in the district court to the imposition of an obstruction-of-justice enhancement, but did not also object that the district court's findings that he committed perjury were inadequate, review of the latter issue is for plain error. See United States v. Holman, 314 F.3d 837, 846 (7th Cir. 2002), cert. denied, 123 S. Ct. 2238 (2003).

The district court's statements at sentencing and its adoption of the presentence report and addendum, which specifically delineated those portions of Santos's testimony that were contra-dictory to those of government witnesses, were sufficient to justify the obstruction-of-justice enhancement; and the district court's findings were adequate. See United States v. Haas, 171 F.3d 259, 268 (5th Cir. 1999).

AFFIRMED.